Service acknowledged 4 March, 1811.
 WM. MOORE, C. HARRIS.
Teste: D. MCINTIRE.
Judgment confessed by the defendants in person, agreeably to the specialties filed. Any credits that shall appear on statement between the plaintiffs and William Moore to be admitted. Stay of execution six months.
 WM. MOORE, C. HARRIS.
Afterwards, during the week appointed by law for holding the court in April, 1811, the clerk entered up judgment agreeably to this indorsement; and when six months had expired he issued execution for the debt and costs. William Moore, one of the defendants, applied to one of the judges for a writ ofsupersedeas, and made an affidavit setting forth "that some time in the week assigned by law for holding the Superior Court in the county of Cumberland, in the spring of 1811, he and Claiborn Harris confessed a judgment before the clerk of said court to Mathews McKinnish, for the sum of £ 450 or thereabouts, with costs. That there was no Superior Court (182) holden for the county of Cumberland in the spring of that year, by reason of the indisposition of the late Judge Wright; and that he was advised the said judgment was irregular and ought to be set aside." A supersedeas was awarded, and at the next term of the court the judgment was set aside, and the plaintiffs therein appealed. *Page 143 
It cannot be seriously contended that the judgment in this case is regular and legal. What authority has the clerk to enter up judgment where there is no court? It is his business to record the proceedings of the court; but the rendering of a judgment is a judicial act, to be done by the court only. The judgment is irregular and must be set aside.